R. BRIAN DIXON, Bar No. 76247
ALISON S. HIGHTOWER, Bar No. 112429
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Fax No.:     415.743.6665

Attorneys for Defendant
MASTERCORP, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIA LINARES, an individual; ROSALBA SANCHEZ, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELK RESORT GROUP, a California Corporation; MASTERCORP, INC., a Tennessee Corporation; OASIS OUTSOURCING, INC., a Florida Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  '12CV0108 MMA BGS<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT UNDER 28 U.S.C. §§ 1332(d) AND 1441(b)**<br><br>[CLASS ACTION FAIRNESS ACT]<br><br>Complaint filed: Nov. 22, 2011 |

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND PLAINTIFFS CANDELARIA LINARES AND ROSALBA SANCHEZ, AND THEIR ATTORNEY(S) OF RECORD:

PLEASE TAKE NOTICE THAT Defendant Mastercorp, Inc. (hereinafter "Defendant"), contemporaneously with the filing of this Notice, hereby effects the removal of the below-referenced action from the Superior Court in the State of California for the County of San Diego to the United States District Court for the Southern District of California.

The removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act) and 1441(b) and, specifically, on the following grounds:

///

1.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2. On or about November 22, 2011, Plaintiffs Candelaria Linares and Rosalba Sanchez ("Plaintiffs") filed an original Class And Representative Action Complaint in the San Diego County Superior Court in the State of California: *Candelaria Linares, an individual; Rosalba Sanchez, an individual; and Roes 1-50 on behalf of themselves and in a representative capacity for all others similarly situated v. Welk Resort Group, Inc, a California Corporation; Mastercorp, Inc., a Tennessee Corporation; Oasis Outsourcing, Inc., a Florida Corporation; and Does 1-50 inclusive,* Case No. 37-2011-00101514-CU-OE-CTL (hereinafter "the Complaint"). Plaintiffs and the members of the putative class are alleged to have been employed by Defendants as non-exempt hourly employees in the State of California.

3. Plaintiffs' Complaint asserts eleven (11) causes of action: (1) failure to pay minimum wage under Labor Code §§ 1994, 1194.2 and 1197; (2) failure to pay wages and overtime compensation under California Labor Code §§ 510, 1194 *et seq.*; (3) failure to provide rest periods and proper meal periods, or compensation in lieu thereof, under Labor Code §§ 226.7, 512; IWC Orders; (4) failure to timely pay wages due at termination under Labor Code §§ 201, 202, 203; (5) conversion; (6) unfair business practices under Business & Professions Code §§ 17200 *et seq.*; (7) failure to provide accurate wage statements under Labor Code §§ 226, 1174, and 1175; (8) "theft of labor;" (9) declaratory relief; (10) accounting; and (11) injunctive relief.

///

2.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4. A copy of the Complaint and Jury Demand, Summons, and Civil Case Cover Sheet were served on Defendant via its Agent for Service of Process, National Registered Agents, Inc., on December 13, 2011. True and correct copies of the documents served on Defendant are attached hereto, collectively, as Exhibit A. A true and correct copy of the Answer filed by Defendant in the Superior Court of San Diego is attached as Exhibit B. Defendant is informed and believes that Welk Resort Group has filed, or will file, an Answer today in the Superior Court of San Diego.

5. No further proceedings related thereto have been heard in San Diego County Superior Court.

### JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6. Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . .
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d) and one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(b) and 1446.

### PURPORTED CLASS ACTION UNDER STATE LAW

8. This action has been styled as a class action pursuant to California Code of Civil Procedure section 382. Complaint, ¶ 30. California Code of Civil Procedure section 382 is a state statute authorizing an action to be brought by one or more representative persons as a class action.

### CITIZENSHIP

9. Plaintiffs are residents of California and, during the time period relevant to this action, were employed by Defendant within the State of California. Complaint at ¶¶ 3-4. Plaintiffs are therefore citizens of the State of California. See 28 U.S.C. § 1332(a)(1) [an individual is a

---

[1] While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. section 1332(d)(3)-(5), none of them is applicable to the instant action.

3.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

citizen of the state in which he or she is domiciled]; *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) [residence is *prima facie* evidence of domicile for purposes of determining citizenship.]

10. Plaintiffs seek to represent current and former non-exempt hourly employees of Defendant who were employed by Defendant in the State of California and who allegedly were not paid wages and overtime for all work performed, and supposedly were not paid for missed and/or interrupted rest and meal breaks. Complaint, ¶¶ 20-24.

11. Defendant was, at the time of the filing of this action, and remains incorporated under the laws of the State of Tennessee with its headquarters and principal place of business located in Crossville, Tennessee. Declaration of Roberta S. Adams ("Adams Decl."), ¶ 2. Mastercorp's executive officers, including its President, CFO, COO and General Counsel also have their offices in Crossville, Tennessee, as are the administrative and financial offices for Mastercorp. *Id.* Defendant, therefore, is not a citizen of the State of California but, rather is a citizen of the state of Tennessee for purposes of determining diversity of citizenship. 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b). Defendant does not have a substantial predominance of its operations in California. Adams Decl., ¶ 2. In fact, Defendant's operations are far flung – it currently employs approximately 3,400 people across the United States, with almost half of its payroll attributable to employees located in Orlando, Florida and Las Vegas, Nevada. *Id.*

12. Defendants Does 1 through 50, inclusive, are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

13. Plaintiffs, who are members of the putative class of plaintiffs, were employed by Defendant and reside in the State of California. Complaint, ¶ 2. Accordingly, Plaintiffs are citizens of a state different from Defendant.

///

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## AMOUNT IN CONTROVERSY

14.   Plaintiffs' Complaint alleges that the total amount in controversy in less than $5 million dollars, but in numerous other places makes it clear that this statement is not an accurate statement of the amount in controversy. Plaintiffs allege that "Non-Exempt employees were routinely required to perform tasks without full compensation and were routinely denied rest and meal periods." Complaint, ¶ 34. Plaintiffs and each class member "were routinely required to perform tasks without receiving their normal rate of compensation and overtime compensation." *Id.*, ¶ 47. Yet Plaintiffs also allege in several paragraphs that "Defendants have made it difficult to calculate" the amounts sought, such as premium wage for unpaid rest periods and meal periods. *Id.*, ¶¶ 53, 55. In their Tenth Cause of Action, Plaintiffs seek an accounting because "Plaintiffs do not know the exact amount of wages, penalties, interest and restitution due to Plaintiffs and Plaintiff Class Members." *Id.*, ¶ 89. Thus, the allegation that the amount in controversy is less than $5 million is self-serving and not worthy of consideration. Indeed, the tactical decision for the Complaint to not specify the total amount of damages or other monetary relief sought by Plaintiffs, should not deprive this Court of jurisdiction. *See White v. J. C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiffs to plead a specific dollar amount in controversy; if the rules were otherwise, "any Plaintiff could avoid removal simply by declining ... to place a specific dollar claim upon its claim."). Defendant submits that, given the allegations that Plaintiffs do not know the amount sought, Defendant should only be required to establish by a *preponderance of evidence* that the claims exceed the jurisdictional minimum. *See, Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

15.   Counsel for Plaintiffs, Raul Cadena, informed defense counsel that the Complaint pleads that the amount in controversy is under $5 million because he was under the impression that there were not many employees in the putative class. Mr. Cadena was unaware of the high turnover for this group of employees of Mastercorp. (Declaration of Alison S. Hightower, ¶ 3.)

16.   CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds five million dollars

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

($5,000,000). *See* 28 U.S.C. § 1332(d). While Defendant vigorously denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon, the facial allegations in Plaintiffs' Complaint and the total amount of wages, penalties, interest, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with Plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied). The monetary relief sought is calculated as follows:

a. Plaintiffs assert claims for themselves and the putative class for (1) failure to pay minimum wage under Labor Code §§ 1994, 1194.2 and 1197; (2) failure to pay wages and overtime compensation under California Labor Code §§ 510, 1194 *et seq.*; (3) failure to provide rest periods and proper meal periods, or compensation in lieu thereof, under Labor Code §§ 226.7, 512; IWC Orders; (4) failure to timely pay wages due at termination under Labor Code §§ 201, 202, 203; (5) conversion; (6) unfair business practices under Business & Professions Code §§ 17200 *et seq.*; (7) failure to provide accurate wage statements under Labor Code §§ 226, 1174, 1175; (8) theft of labor; (9) declaratory relief; (10) accounting; and (11) injunctive relief.

b. Plaintiffs assert that the putative class consists of "all present and former employees of Defendants holding a non-exempt position during the statutory time period ('Class Members')." Complaint, ¶ 30. Accordingly, the purported class period runs from approximately November 22, 2007 to the present.

c. There are approximately 1950 purported class members. Of these individuals, approximately 1787 are former employees. The class members earned on average $10.06 per hour. *See* Declaration of Roberta Adams ("Adams Decl."), ¶ 2.

d. Plaintiffs allege in their First Cause of Action that they worked "off-the-clock" without pay, and thus seek minimum wage, regular pay, and/or overtime for this time allegedly worked by Plaintiffs and the approximately 1950 putative class members. Complaint, ¶¶ 39-51. Plaintiffs seek restitution of this unpaid compensation for four years. Defendant denies Plaintiffs' claim. Plaintiffs contend that they each worked

6.

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

three hours per week (one hour per day an average of three days per week). Hightower Decl., ¶ 2. Based on this allegation, based on 39,291 workweeks worked by the 1950 employees claiming three hours of unpaid time a week, the amount in controversy would be at least **$1,185,802.30**, based on the average wage of $10.06 an hour; this calculation is conservative because it assumes that none of this alleged 3 hours of unpaid time per week were compensated at time and a half as overtime. *See* Hightower Decl., ¶ 6(a).

  e. Plaintiffs' Third Cause of Action alleges failure to provide rest periods and meal periods in supposed violation of Labor Code section 226.7 and applicable Wage Orders. Complaint, ¶¶ 52-56. Plaintiffs allege that they did not receive any rest periods at all during their tenure with Mastercorp, and thus seek one hour regular pay per day for each day they worked for four years. Hightower Decl., ¶ 6(b). Although Plaintiffs claim that they were not permitted to take rest breaks at least 5 days per week, Plaintiffs place in controversy a total of at least **$1,185,802.30**, based on $10.06 per missed rest period, or $30.18 per week, for the 39,291 workweeks at issue, premised upon a conservative allegation of only 3 missed rest periods per week.

  f. Plaintiffs Third Cause of Action also alleges that they did not receive a full 30 minute uninterrupted meal period three to four times per week. Hightower Decl., ¶ 6(c). Plaintiffs thus seek, pursuant to Labor Code section 226.7 and applicable Wage Orders, one hour regular pay per day for each class member for 3 to 4 days per week. Although Plaintiffs claim that they were not provided meal periods 3 to 4 days per week, at only 3 missed meal periods per week, Plaintiffs place in controversy at least **$1,185,802.30**, calculated at $10.06 per missed rest period, or $30.18 per week, for the 39,291 workweeks at issue.

  g. Plaintiffs allege in their Fourth Cause of Action entitlement to compensation for waiting time penalties pursuant to Labor Code sections 201 through 203 for class members who resigned or whose employment has terminated. Complaint, ¶¶ 57-60. Labor Code section 203 provides that wages continue at an employee's daily rate of

7.

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION**

LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

pay until the final wages are paid, or an action to recover them is commenced, up to a maximum of 30 days. Defendant denies Plaintiffs' claim. Plaintiffs allege that Defendants failed to pay earned wages, consisting of the unpaid minimum, regular wages, overtime, and doubletime, as alleged in the prior causes of action. Based on these allegations, for 1,198 former employee putative class members at $10.06 per hour average wage, multiplied by 5 hours times 30 days, the amount in controversy for this cause of action is at least **$1,807,782**. *See* Hightower Decl. ¶ 6(d).

h. Plaintiffs seek in their Fifth Cause of Action compensation for conversion and punitive damages. Complaint, ¶¶ 61-64. Since Plaintiffs do not specify the amount of punitive damages sought, Mastercorp does not include that allegation in calculating the amount in controversy at this time.

i. In their Sixth Cause of Action Plaintiffs allege that the conduct previously alleged constitute unlawful, unfair and fraudulent business practices pursuant to Business and Professions code section 17200 *et seq*. Complaint, ¶¶ 65-71. Plaintiffs seek restitution of wages, overtime wages, break premium pay, penalties, and "payment of tax contributions on the unpaid wages in the form of FICA, Social Security, Medicare, unemployment and other appropriate payments." Complaint, ¶ 71. Since Plaintiffs did not quantify this amount, Defendant does not include it in its calculation of the amount in controversy.

j. Plaintiffs seek in their Seventh Cause of Action penalties for purported violations of California Labor Code section 226(e) pertaining to Defendant's alleged failure to provide correct and accurate itemized wage statements because the wages sought herein (including the one hour pay for allegedly missed meal periods and rest breaks) were not shown on the wage statements. Complaint, ¶¶ 73-74. The Labor Code provides for a maximum penalty of $4,000 per employee, and plaintiffs contend they are entitled to $50 for the initial pay period and $100 for each subsequent pay period. *Id.*, ¶ 75. Since the average number of workweeks is 20, and since employees were paid weekly, they claim an average of 20 inaccurate paychecks. With 444 employees

8.

(281 former and 163 current) seeking these penalties, the amount in controversy on this penalty claim is **$843,650**. *See* Hightower Decl. ¶ 6(e).

k.  The total for all of the items in controversy described above is **$6,208,838.90**.

l.  Finally, Plaintiffs seek reasonable attorneys' fees in their Complaint. Complaint, Prayer for Relief, ¶ 12. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees. *See, e.g., Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). In a case prosecuted and settled by the same counsel as represents plaintiffs here, counsel obtained attorney's fees of 40 percent of the recovery, while acknowledging that it is not uncommon for an attorneys' fee award to be twenty-five of the amount in controversy, or based on a lodestar approach. At 25% of the amount in controversy, plaintiffs seek at least $1,552,209.75 in fees. In 2005, the hourly rate charged by Raul Cadena was $300 an hour. *See* Hightower Decl., ¶ 9 and Exhibit B thereto.

m.  With attorney's fees, the amount in controversy is at least $7,761,047.90.

17. As a result, although Defendant denies Plaintiffs' claims of wrongdoing and denies their requests for relief thereon, based upon the facial allegations in Plaintiffs' Complaint and assuming, *arguendo*, Plaintiffs were able to prove these allegations, the total amount of monetary relief sought by Plaintiffs and the other class members is in excess of $7,761,047.90, exclusive of interest and costs, plus attorneys' fees. 28 U.S.C. §1332(d). Removal of this action under CAFA, thus, is appropriate.

## TIMELINESS OF REMOVAL

18. This Notice of Removal is timely in that it has been filed within thirty (30) days of service of the Complaint on December 13, 2011, and within one year of the filing of the Complaint on November 22, 2011.

19. CAFA applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on November 22, 2011, CAFA applies to this action.

20. Removal is thus proper under CAFA.

9.

## NOTICE TO PLAINTIFFS

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be served on Plaintiffs' counsel of record: Cadena Churchill, LLP. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the San Diego County Superior Court.

22. WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Diego County Superior Court.

Dated: January 12, 2012

/s/Alison S. Hightower
R. BRIAN DIXON
ALISON S. HIGHTOWER
LAURA E. HAYWARD
LITTLER MENDELSON, P.C.
A Professional Corporation
Attorneys for Defendant
MASTERCORP, INC.
EMAIL: ahightower@littler.com

Firmwide:106467026.1 065307.1000

10.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

JS 44 (Rev. 09/11) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CANDELARIA LINARES, an individual; ROSALBA SANCHEZ, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated

**(b)** County of Residence of First Listed Plaintiff **San Diego**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RAUL CADENA, Bar No. 185787
NICOLE R. ROYSDON, Bar No. 262237
CADENA CHURCHILL, LLP
701 "B" Street, Suite 1400
San Diego, CA 92101

### DEFENDANTS
WELK RESORT GROUP, a California Corporation; MASTERCORP, INC., a Tennessee Corporation; OASIS OUTSOURCING, INC., a Florida Corporation; and DOES 1-50, inclusive

County of Residence of First Listed Defendant **Cumberland County, TN**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*       **'12CV0108 MMA BGS**
R. BRIAN DIXON, Bar No. 76247
ALISON S. HIGHTOWER, Bar No. 112429
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON, P.C.
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
ATTORNEYS FOR DEFENDANT MASTERCORP, INC.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | FORMCHECKBOX 375 |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine |  |  | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Mgmt. Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [x] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  |  | [x] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
|  |  |  | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) (JMD) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** |  | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 530 General |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | **IMMIGRATION** |  |  |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  |  |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | [ ] 448 Education | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28 U.S.C. 1332(d), 1441(b) and 1446
Brief description of cause:
wage and hour class action alleging violations of California Labor Code and California Bus. & Prof. Code

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|
| DATE | | SIGNATURE OF ATTORNEY OF RECORD | | | |
| January 12, 2012 | | s/Laura E. Hayward | | | |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 3:12-cv-00108-CAB-BGS   Document 1   Filed 01/12/12   PageID.12   Page 12 of 12

| VIII. RELATED CASE(S) IF ANY | *(See instructions):* | JUDGE | | DOCKET NUMBER | |
|---|---|---|---|---|---|
| DATE | | SIGNATURE OF ATTORNEY OF RECORD | | | |
| January 12, 2012 | | s/Laura E. Hayward | | | |

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____