UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDELARIA LINARES, an individual; ROSALBA SANCHEZ, an individual; and ROES 1-50 on behalf of themselves and in a representative capacity for all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>WELK RESORT GROUP, a California Corporation; MASTERCORP, INC., a Tennessee Corporation; OASIS OUTSOURCING, INC., a Florida Corporation; and DOES 1-50, inclusive,<br><br>　　　　　　　　　　　Defendants. | Civil No.　12cv108-CAB (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[Doc. No. 13.]** |

Before the Court is Plaintiffs' Motion to Remand this matter to California Superior Court and request for attorneys' fees due to improper removal. [Doc. No. 13.] Defendants opposed the motion [Doc. Nos. 16 -18,] and Plaintiffs replied. [Doc No. 19.] The Court found the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). [Doc. No. 15.] Upon consideration of the briefing of the parties, and for the reasons stated below, the Motion to Remand is **GRANTED**, but the Court **DENIES** the request for attorneys' fees.

### I. BACKGROUND

Plaintiffs Linares and Sanchez, who are housekeepers currently employed by

Defendants, filed the instant action in California Superior Court, alleging that Defendants engaged in a systematic scheme of wage abuse against their Non-Exempt employees in California, and seeking relief from Defendants for various California Labor Code violations, Unfair Business Practices, and other common law claims. [Doc. No. 1-1 ("Compl.".] Plaintiffs brought the action as a representative action pursuant to Cal. Bus. & Prof. Code §§ 17000- 17200, *et seq.*, and as a class action. *Id.* The Complaint specifically alleges that "The aggregate claims of the individual class members do not exceed the $5,000,000 jurisdictional threshold for federal court under the Class Action Fairness Act." [Compl., ¶ 14.]

Defendant Mastercorp removed the matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332 (d). [Doc. No. 1.] Plaintiffs move to remand on the basis that the Court lacks subject matter jurisdiction over this matter because Plaintiffs have specifically alleged that the aggregate claims of the individual class members do not exceed $5,000,000, and Defendants have failed to meet their burden to establish that the amount in controversy exceeds that amount to a legal certainty. *See Lowdermilk v. United States Bank National Assoc.*, 479 F.3d 994, 1000 (9th Cir. 2007).

## II. ANALYSIS

CAFA provides district courts with original jurisdiction over any class action in which (1) the amount in controversy exceeds the aggregate sum of five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant (*i.e.*, minimal diversity), and (3) the number of plaintiffs in the class is at least 100. 28 U.S.C. § 1332(d)(2), (5), and (6). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983). Federal courts are courts of limited jurisdiction, however, and the burden of establishing federal jurisdiction for purposes of removal lies with the party seeking removal, including the burden of proving the applicable amount in

controversy. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A.    Amount in Controversy Requirement

In considering whether a party has met its burden on removal, the Court must first determine if the amount in controversy is facially apparent from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). Where, as here, a plaintiff alleges damages less than the jurisdictional amount—whether a specific amount or an amount "less than" the jurisdictional amount—then the amount in controversy requirement is presumptively not satisfied unless the defendant proves to a legal certainty that the claim is actually worth more than the jurisdictional amount. *Lowdermilk*, 479 F.3d at 999. Thus, if Defendants are unable to prove that the amount in controversy has been met to a legal certainty, the case must be remanded to state court. 28 U.S.C. § 1447(c).[1]

The amount-in-controversy requirement may be satisfied by claims of general and specific damages, punitive damages, and attorney's fees (if authorized by statute or contract). *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The propriety of removal is usually determined solely on the basis of pleadings filed in state court. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). However, a court "cannot base [its] jurisdiction on a [d]efendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. A defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. *Gaus*, 980 F.2d at 567. In addition to the contents of the removal petition, the Court considers "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal quotations omitted).

In support of removal, MasterCorp submits its counsel's declaration that, according to her calculations, the amount in controversy exceeds the $5,000,000 threshold. [ Doc. No.

---

[1] While the Court notes that Defendants challenge whether the *Lowdermilk* "legal certainty" standard should apply here because Plaintiffs did not limit their prayer for relief to less than $5,000,000, the Court finds that Plaintiffs have sufficiently alleged that their aggregate claims do not exceed the amount in controversy for purposes of CAFA. *See Lowdermilk*, 479 F.3d at 998.

1-3 (Hightower Declaration).] Such calculations were based upon Ms. Hightower's review of MasterCorp's payroll information from which she determined an average hourly rate of $10.06 per hour that potential class members were paid. *Id.* at ¶ 4. She also determined that there are 1950 potential class members according to company records. *Id*. Based on a conversation Ms. Hightower had with Plaintiff's counsel regarding his estimate of the frequency of the labor code violations with respect to the named class representatives, Ms. Hightower calculated that the amount in controversy in this matter exceeds $7,000,000. *Id.* at  ¶ 6.

The Court finds that this calculation does not meet Defendant's burden to demonstrate to a legal certainty that the amount in controversy exceeds $5,000,000 in light of Plaintiffs' express allegation to the contrary in their complaint. [Compl., ¶ 14.] Indeed, Plaintiffs are the masters of their complaint, and the Ninth Circuit adopted the legal certainty standard of proof in order to "guard the presumption against federal jurisdiction and preserve the plaintiff's prerogative, subject to the good faith requirement, to forgo a potentially larger recovery to remain in state court." *Lowdermilk*, 479 F.3d at 999. *See also Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 700 (9th Cir. 2007).

### B. Local Controversy Exception

Even if the Defendants had met their burden to demonstrate that the amount in controversy requirement was met, however, the Court finds that remand is appropriate in light of the "local controversy" exception to CAFA.  Under that exception, this Court must decline removal jurisdiction if  it finds that 1) greater than two-thirds of the putative class members are citizens of California, 2) at least one defendant is a defendant from whom significant relief is sought by members of the class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of California, 3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in California, and 4) during the 3-year period preceding the filing of this class action, no other class action has been filed asserting the same or similar factual allegations agasint any of the defendants on behalf of or other persons.  28 U.S.C.

§ 1332(d)(4)(A). A plaintiff seeking remand has the burden of showing that the local controversy exception applies. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir.2007).

The Court finds that Plaintiffs have met their burden to establish that this matter should be remanded. The complaint limits its claims to "non-exempt classified employees in California," and therefore the first element requiring 2/3 of the class members to be citizens of California is met. [Doc. No. 1-1 at ¶ 1.] *See Chase v. Rite Aid Corp.*, Case No. CV 07-8385, 2008 WL 5131200, * 7 (C.D. Cal. December 3, 2008) (element is met where class is limited to California citizens). MasterCorp does not deny that Defendant Welk Resort is a California corporation, that the alleged injuries occurred in California, or that other class actions have not been brought. It does contend, however, that Welk is a sham defendant, and the Court should deny the motion to remand on the basis of fraudulent joinder.

The Ninth Circuit has expressly held that "CAFA's language unambiguously directs the district court to look only to the complaint in deciding whether the criteria set forth in § 1332(d)(4)(A) (i)(II)(aa) and (bb) are satisfied." *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1015 (9th Cir. 2011). The Court thus looks to whether Plaintiffs' complaint seeks "significant relief" from Welk, the only California Defendant, and whether they adequately allege that Welk's conduct forms a significant basis for their asserted claims. *Id*. The complaint alleges that Defendants Welk, MasterCorp, and Oasis collectively engaged in a scheme of wage abuse. [Compl. at ¶ 1.] The allegations throughout the complaint apply equally to all Defendants, and the Plaintiffs seek relief from all Defendants. The Court finds that such allegations, taken as true, meet the required criteria to satisfy Plaintiffs' burden to justify remand pursuant to the local controversy exception. MasterCorp urges the Court to look beyond the Complaint and to consider extrinsic evidence that Welk does not actually employ the Plaintiffs. But the Ninth Circuit has clearly held that such a consideration would be improper. *See Smith v. Kawailoa Development LLP,* Case No. 11-00350, 2011 WL 6749793, * 6-8 (D. Haw. December 22, 2011) ("As to whether the court

may consider extrinsic evidence, *Coleman* answered this question with a decisive 'no.'"), *citing Coleman*, 631 F.3d at 1017.

### III.   CONCLUSION

For the reasons set forth above, the Court finds good cause to **GRANT** Plaintiffs' motion to remand.  The Court **DENIES** Plaintiffs' request for attorneys fees and costs with respect to this motion.  This matter is accordingly **REMANDED** to California Superior Court.

**IT IS SO ORDERED.**

DATED:  February 22, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge